# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SUZANNE DENNO,

        Plaintiff,

v.                                             Case No:   6:22-cv-624-GAP-LHP

GEICO GENERAL INSURANCE
COMPANY,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** GEICO GENERAL INSURANCE COMPANY'S MOTION TO COMPEL REPRESENTATION AGREEMENT AND BETTER PRIVILEGE LOG AND MEMORANDUM OF LAW (Doc. No. 38)
>
> **FILED:** September 16, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff won a judgment against Defendant, her insurer, for an amount above her uninsured motorist policy limits, and Plaintiff thereafter filed suit against Defendant alleging statutory bad faith. Doc. Nos. 1-1, 1-4. On March 29, 2022,


Defendant removed the case to this Court. Doc. No. 1. In the above-styled motion, Defendant seeks to compel Plaintiff to produce the representation agreement entered into between Plaintiff and the attorneys that represented her in the underlying uninsured motorist action. Doc. No. 38. Defendant also seeks an Order compelling Plaintiff to produce a better privilege log. *Id.* Plaintiff has filed a response in opposition. Doc. No. 45; *see also* Doc. Nos. 42-43.

Defendant first argues that the representation agreement is relevant to the main issue in this bad faith action: whether Plaintiff's uninsured motorist claim could and should have settled. Doc. No. 38, at 2. Additionally, Defendant argues that the representation agreement is relevant to Plaintiff's and her attorneys' credibility, bias, and pecuniary interest with respect to deciding whether to settle Plaintiff's uninsured motorist claim within or for the policy limits. *Id.* In response, Plaintiff argues the representation agreement is protected by the attorney-client privilege, she has not waived that privilege, and Defendant must first demonstrate that it had no opportunity to settle the underlying claim before it is permitted to discover Plaintiff's willingness to settle. Doc. No. 45, at 1-2.

Upon consideration, Defendant has the better argument, as it pertains to the discovery of relevant information. *See Soricelli v. GEICO Indem. Co.*, No. 8:16-cv-1535-T-30TBM, 2017 WL 275967, at *4-6 (M.D. Fla. Jan. 20, 2017) (compelling, in a statutory bad faith insurance case, production of a representation and/or fee

agreement between plaintiff and his attorneys in the underlying action, because such representation and/or fee agreements are "generally not privileged, and are "fair game for discovery," although "likely not admissible at trial"); *Ford v. Gov't Emps. Ins. Co.*, No. 1:14cv180-MW/GRJ, 2015 WL 11109504, at *2 (N.D. Fla. Feb. 3, 2015) (in a bad faith action, compelling production of any fee agreements that plaintiff entered into as a result of the underlying accident, but offering "no opinion on whether the agreement will be admissible at trial.").

Plaintiff provides no legal authority establishing that a party must first show waiver of the attorney-client privilege in order to obtain discovery of an underlying representation agreement.[1]   Moreover, as this Court has previously noted, whether an insurer acted in bad faith is determined under the totality of the circumstances, and the "conduct of the claimant and the claimant's attorney is relevant to determining the 'realistic possibility of settlement.'" *Robles v. GEICO Indem. Co.*, No. 8:19-cv-1293-T-60AAS, 2020 WL 3895475, at *3 (M.D. Fla. July 10, 2020) (citations omitted).   Accordingly, Defendant's request for a copy of any fee agreement entered into with Plaintiff's attorneys in the underlying action will be

---

[1] The cases Plaintiff cites merely stand for the general principles regarding attorney-client privilege and waiver and are not specific to bad faith insurance actions regarding a fee or representation agreement.

- 3 -

granted. The Court offers no opinion as to whether the agreement will be admissible at trial.

Next, Defendant requests that Plaintiff be compelled to provide a "better privilege log" that identifies all documents Plaintiff withheld as privileged in response to Defendant's Requests for Production ("RFPs") 2-3, 7-8, and 12. Doc. No. 38, at 2-3. Defendant states that Plaintiff only identified one document as privileged in response to these RFPs, failed to identify the representation agreement on her privilege log, and that there are inconsistencies between the privilege log she produced and the one produced by her attorneys in the underlying action. *Id.* As such, Defendant "reasonably believes" additional documents may exist that are not listed on Plaintiff's privilege log. *Id.*

Plaintiff raises only one argument in response: that at the July 21, 2022 discovery hearing before the Court, counsel for Plaintiff stated he "would not hide behind the notion that [counsel in the underlying action] was an entirely separate firm for purposes of producing documents and a privilege log under a non-party subpoena." Doc. No. 45, at 3. Thus, Plaintiff contends that the present motion to compel "seeks unnecessarily duplicative work," and should be denied. *Id.* While not entirely clear, it therefore appears that Plaintiff is arguing that the privilege log produced by the attorneys in the underlying action, in combination with the privilege log Plaintiff produced, constitutes a full and complete log of all responsive

documents withheld on the basis of privilege.   Plaintiff raises no other challenge to Defendant's motion, and the Court notes that, at least at present, Defendant has not challenged the sufficiency of the privilege log submitted by counsel in the underlying action.

In order to ensure that the Court's interpretation is correct, the Court will grant Defendant's motion and direct Plaintiff to produce a supplemental privilege log that identifies all documents being withheld in response to the RFPs at issue. Alternatively, if Plaintiff has already identified all such withheld documents, Plaintiff shall provide to Defendant a notice stating (1) that the privilege logs previously produced (both by Plaintiff and by counsel in the underlying action) include any and all responsive documents to the RFPs at issue; and (2) identify which RFPs the withheld documents listed on the privilege logs are responsive to.

Accordingly, Defendant's Motion to Compel Representation Agreement and Better Privilege Log and Memorandum of Law (Doc. No. 38) is **GRANTED**.  **On or before October 21, 2022**, Plaintiff shall produce to Defendant any and all representation and/or fee agreement(s) between her and her attorneys in the underlying action.  By that same deadline, Plaintiff shall either provide a supplemental privilege log that identifies all documents being withheld in response to RFPs 2-3, 7-8, and 12, or provide to Defendant a notice stating (1) that the privilege logs previously produced (both by Plaintiff and by counsel in the

underlying action) includes any and all responsive documents to the RFPs at issue; and (2) identifying which RFPs the withheld documents listed on the privilege logs are responsive to.

Because Defendant does not seek fees or any other sanctions, the Court declines to award any.  *See* Fed. R. Civ. P. 37(a)(5)(iii).

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties