**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SUZANNE DENNO,

       Plaintiff,

v.                                                                          Case No:    6:22-cv-624-GAP-LHP

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **GEICO GENERAL INSURANCE COMPANY'S MOTION FOR *IN CAMERA* INSPECTION AND MOTION TO COMPEL (Doc. No. 37)**
>
> **FILED:**     **September 16, 2022**
>
> ———
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Plaintiff Suzanne Denno ("Plaintiff") obtained a judgment against GEICO General Insurance Company ("GEICO"), her insurer, for an amount above her uninsured motorist policy limits, and Plaintiff thereafter filed suit against GEICO

alleging statutory bad faith. Doc. Nos. 1-1, 1-4. On March 29, 2022, GEICO removed the case to this Court. Doc. No. 1; *see also* Doc. No. 23.

GEICO now moves to compel Plaintiff to produce certain documents withheld from production during discovery on the basis of work-product protection or attorney client privilege, specifically documents listed as Bates Nos. M&M 195–97, 199–209, and 227–29 on a privilege log submitted by Plaintiff's counsel in the underlying litigation, Morgan & Morgan. Doc. No. 37. Most of the documents are listed on the privilege log as "email thread re case strategy" (Bates Nos. M&M 195–97, 199–209) and were withheld based on work product protections, but one set of documents (Bates Nos. M&M 227–29) includes a "letter to client re strategy and client response" which were withheld based on both the attorney client privilege and work product. *See* Doc. No. 37-1.

GEICO states, and Plaintiff does not dispute, that all of these documents relate to settlement of the underlying case. Doc. No. 37, at 1 n.1; Doc. No. 44; Doc. No. 48, at 6, 7; Doc. No. 49. GEICO asks the Court to compel Plaintiff to produce these documents because they are relevant in this bad faith action as to whether there was a realistic opportunity for GEICO to settle the underlying claim within policy limits. Doc. No. 37, at 2. GEICO also seeks *in camera* inspection of the documents. *Id.* at 3.

Plaintiff opposes, arguing that GEICO has failed to make a sufficient showing to overcome the work-product and attorney client privilege protections, such that GEICO has failed to demonstrate substantial need and undue hardship. Doc. No. 44, at 2–3. Plaintiff also suggests that *in camera* review of the documents is not appropriate. *Id.* at 2.[1]

Upon review of GEICO's motion and Plaintiff's response, the Court ordered supplemental briefing from GEICO regarding: (1) why GEICO was requesting *in camera* review of the documents; and (2) whether attorney-client privilege and/or work-product protections have been waived (or should be), in particular, whether GEICO has a substantial need for the documents, and cannot, without undue hardship, obtain their substantial equivalent by other means. Doc. No. 46. The Court also permitted Plaintiff to file a response. *Id.* at 2.

In its supplemental brief, GEICO submits that it "does not believe that an *in-camera* inspection is required at this stage," but that it may become necessary if there is "a meritorious dispute as to the applicability of the asserted privileges." Doc. No. 48, at 2. GEICO appears to assert that the work-product doctrine simply does

---

[1] Plaintiff also makes a one-sentence argument that GEICO's motion is untimely because it was filed on the same day as the parties' conferral. Doc. No. 44, at 1. The Court rejects this argument, particularly given Plaintiff's own failure to timely respond to the motion. *See* Doc. Nos. 8, 41–43.

not apply to documents from an underlying claim file in a subsequent bad faith action. *Id.* at 3. But GEICO also argues that the documents are relevant, it has a substantial need for them, and there is no other source from which to obtain the information. *Id.* at 7.

In response, Plaintiff argues that there is no "automatic waiver in a bad faith case of a work-product privilege for a claimant's underlying litigation file." Doc. No. 49, at 3. And Plaintiff contends that GEICO has failed to carry its burden of demonstrating substantial need or undue hardship in obtaining the substantial equivalent of the information at issue. *Id.* at 1, 5–6. Plaintiff also appears to argue that Plaintiff's willingness to settle is irrelevant to the issues at hand. *Id.* at 6–7. *See also id.* at 8 ("There is no question of 'willingness' when a Civil Remedy Notice is served.").

With supplemental briefing complete, the matter is ripe for disposition. Upon consideration, GEICO's motion will be granted in part and denied in part, in that the Court discerns no reason for *in camera* inspection of the documents, but finds GEICO's request to compel production of the documents well taken.

First, as to the request for *in camera* inspection. As discussed above, there is apparently no dispute as to the contents of the documents listed as Bates Nos. M&M 195–97, 199–209, and 227–29 on Plaintiff's privilege log, in that the parties appear to agree that all of these documents relate to settlement of the underlying case. Doc.

- 4 -

No. 37, at 1 n.1; Doc. No. 44; Doc. No. 48, at 6, 7; Doc. No. 49.  *See also* Doc. No. 34. And the parties do not really dispute that these "email thread[s] re case strategy" and a "letter to client re strategy and client response" from Plaintiff's litigation file would generally be covered by work-product and/or attorney client protections. *See* Fed. R. Civ. P. 26(b)(3).[2]  Given that there is no dispute as to the content of the documents, the parties have not established that *in camera* inspection is necessary for resolution of the motion.  *Cf. Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, No. 6:16-cv-2063-Orl-37GJK, 2017 WL 3730376, at *6 (M.D. Fla. Aug. 14, 2017) (declining to conduct *in camera* inspection where the parties failed to show it was necessary).

Second, as to GEICO's request to compel production of the documents listed as Bates Nos. M&M 195–97, 199–209, and 227–29.  As a general matter, the Court agrees with Plaintiff that there is "no automatic waiver in a bad faith case of a work-product privilege for a claimant's underlying litigation file."  *See* Doc. No. 49, at 3. *See also Walker v. GEICO Indem. Co.*, No. 6:15-cv-1002-Orl-41KRS, 2017 WL 1174234, at *9 (M.D. Fla. Mar. 30, 2017) (stating that there is no "blanket exception to the work product doctrine for the insureds' work product protected information, [and] the Court must engage in the typical work product analysis").  However, "courts

---

[2] However, the Court makes no explicit finding that the documents are indeed covered by such protections.

generally find that work product materials contained within the claimant's lawyer's underlying litigation file are discoverable." *See Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-0240-T-30TBM, 2016 WL 7732310, at *3 (M.D. Fla. Jan. 20, 2016).

To begin, "[i]n Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Robles v. GEICO Indem. Co.*, No. 8:19-cv-1293-T-60AAS, 2020 WL 1529968, at *1 (M.D. Fla. Mar. 31, 2020) (citing B*erges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004)). Accordingly, Plaintiff must demonstrate that "GEICO could and should have settled [her] claim within the policy limits." *Id.* (citing *RLI Ins. Co. v. Scottsdale Ins. Co.*, 691 So. 2d 1095 (Fla. 4th Dist. Ct. App. 1997); *Shin Crest PTE, Ltd. v. AIU Ins. Co.*, 605 F. Supp. 2d 1234 (M.D. Fla. 2009), *aff'd*, 2010 WL 5826888 (11th Cir. 2010). "Although a bad-faith claim derives from and emphasizes the duty of the insurer to the insured, the conduct of a claimant and the claimant's attorney are relevant to determining the 'realistic possibility of settlement within the policy limits.'" *Cousin v. GEICO Gen. Ins. Co.*, 719 F. App'x 954, 960 (11th Cir. 2018) (quoting *Barry v. GEICO Gen. Ins. Co.*, 938 So. 2d 613, 618 (Fla. 4th Dist. Ct. App. 2006)).[3] *See also Robles*, 2020 WL 1529968, at *1 ("Although a claim for bad

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

faith focuses on the conduct of the insurer, the insured's willingness to settle the claim may be relevant to whether the insurer acted in bad faith under the totality of the circumstances test and is a factor that must be considered." *Id.* (citing *Cardenas v. Geico Cas. Co.*, 760 F. Supp. 2d 1305, 1309 (M.D. Fla. Jan. 13, 2011))); *McCoy v. GEICO Gen. Ins. Co.*, No. 6:19-cv-353-Orl-WWB-DCI, 2019 WL 5391104, at *3 (M.D. Fla. Aug. 14, 2019) ("An insurer, upon the proper showing, may be entitled to discover materials contained within the file of counsel who represented the insured in the underlying liability action.").[4]

The heart of the parties' dispute concerns whether GEICO has demonstrated a substantial need for the work-product-protected information, and/or whether GEICO can obtain, without undue hardship, the substantial equivalent of the information by other means. Doc. Nos. 37, 44, 48, 49. *See also Walker*, 2017 WL 1174234, at *10 (explaining that federal and state law on the work product issue are substantially the same, and that "[t]o compel the disclosure of work product

---

[4] Thus, to the extent that Plaintiff argues in her supplemental brief that her willingness to settle is irrelevant, based on this persuasive authority, the Court rejects the argument. Notably, Plaintiff alleges in the complaint that GEICO acted in bad faith by failing to settle her claim, "when, under all the circumstances, it could and should have done so, had it acted fairly and honestly and with due regard for [her] interests." Doc. No. 1-1 ¶ 17. In its answer, GEICO "denies that Plaintiff's UM claim could settle within the available UM policy limits or that GEICO was presented with a realistic opportunity to settle Plaintiff's UM claim within the available UM policy limits." Doc. No. 9, at 5 ¶ 24.

protected information, Rule 26(B)(3)(A)(ii) requires Defendant to establish 'that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.'").

In this regard, GEICO argues that:

> There is no dispute that the above documents relate to the issue of settlement. [Doc. 34]. GEICO believes the documents at issue will reveal information related to whether the claim could and should have settled for the $100,000 UM policy limits based on the limited medical treatment and bills, evidence of pre-existing conditions, and lack of permanent injury at the time of the CRN notice. As such, GEICO has a substantial need for the documents at issue withheld as work-product and there is also no other source for the information. Fed. R. Civ. P. 26(b)(3)(A). Plaintiff's argument is that GEICO can obtain the information sought *via* deposition of attorney Adrienn Toth or Plaintiff is a red herring. [Doc. 44; Doc. 44-1]. The only source of the contemporaneous communications of Plaintiff's underlying counsel as to settlement of the underling (*sic.*) action are the documents at issue, which Plaintiff clearly intends to preserve privilege over. In sum, the discovery sought by GEICO goes to the heart of this bad faith action, is narrowly focused on the issue of settlement, and is relevant and proportional to GEICO's defense of the instant action.

Doc. No. 48, at 7.

In response, Plaintiff contends that GEICO has failed to establish, by the above, a substantial need for the information. Doc. No. 49, at 5–6. Plaintiff also argues that the information is available by other means, including the deposition of Plaintiff and her counsel. *Id.* at 8–9. *See also* Doc. No. 44-1. But, Plaintiff cites no persuasive legal authority supporting the proposition that said depositions must go

forward first.  *See* Doc. No. 49, at 9.[5]

Upon review, the Court disagrees with Plaintiff that GEICO merely "parrots" the legal standard for substantial justification as Plaintiff suggests.  *See* Doc. No. 49, at 5.  Based on the weight of authority permitting discovery of materials from the claimant's underlying coverage litigation file in a statutory bad faith action, the Court concludes that GEICO has demonstrated a substantial need for the information at issue that may otherwise be protected by the work-product doctrine or attorney-client privilege.  *See McCoy*, 2019 WL 5391104, at *3.  *See also Robles*, 2020 WL 1529968, at *2 (compelling production of similar materials over work product and attorney client privilege objections upon finding of substantial need); *Gonzalez*, 2016 WL 7732310, at *3 (declining to order production of all interoffice emails between counsel and staff because GEICO did not establish relevancy, but ordering production of any of those emails related to settlement of the plaintiff's underlying insurance claim); *Batchelor v. Geico Cas. Co.*, No. 6:11-cv-1071-Orl-37GJK, 2014 WL 3697691, at *4 (M.D. Fla. Apr. 22, 2014), *aff'd*, 2014 WL 3687490 (M.D. Fla. June 20, 2014) (compelling production of similar materials despite work product assertion "as they directly relate to or otherwise implicate the attempted settlement

---

[5] Plaintiff cites only *S.E.C. v. Treadway*, 229 F.R.D. 454 (S.D.N.Y. 2005).  Doc. No. 49, at 9.  But that case was not a statutory bad faith action, and therefore, the Court does not find it persuasive here.

- 9 -

of Plaintiff's insurance claim, which is the subject of the instant action").[6]

Accordingly, for the reasons stated herein, GEICO's Motion for In Camera Inspection and Motion to Compel (Doc. No. 37) is **GRANTED in part and DENIED in part**. On or before **November 1, 2022**, Plaintiff shall produce to GEICO the documents identified as Bates Nos. M&M 195–97, 199–209, and 227–29 on Plaintiff's privilege log.[7] The motion (Doc. No. 37) is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2022.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[6] Plaintiff cites only one case in which the Court declined to compel production of similar documents—*Walker v. GEICO Indem. Co.*, No. 6:15-cv-1002-Orl-41KRS, 2017 WL 1174234 (M.D. Fla. Mar. 30, 2017). However, in *Walker*, "Defendant failed to satisfy even the basic requirements of Rule 26(b)(3), much less the 'extraordinary circumstances' required to compel discovery of opinion work product." *Id.* at *10. The Court does not find the same here.

[7] This Order finds that the information is *discoverable* only, and does not address the admissibility of same. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").